UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADEL AMORAH, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES, LLC and TRANSUNION DATA SOLUTIONS LLC, <br><br> Defendants. | No. 19 CV 7534 <br><br> Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

Plaintiff Adel Amorah incurred a debt from a credit card. The purported owner of that debt, Midland Funding, LLC, sued Amorah in small-claims court. Amorah disputed that Midland was the owner of the debt, and Midland dismissed its lawsuit. But Midland continued reporting the debt to the defendants, credit reporting agencies Equifax Information Services LLC and Trans Union, LLC. Amorah told defendants that they were reporting inaccurate information, but the agencies continued to include the debt to Midland on her credit report. Amorah sued Equifax and Trans Union under the Fair Credit Reporting Act. The agencies move for judgment on the pleadings. For the reasons discussed below, their motion is granted.

I.  **Legal Standards**

The same standards govern motions under Federal Rules of Civil Procedure 12(b) and 12(c). To survive a Rule 12(c) motion, a complaint must state a claim to relief that is plausible on its face. *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388,

397 (7th Cir. 2018). I take all well-pleaded allegations as true and draw all reasonable inferences in favor of the nonmoving party. *Id.* In ruling on a 12(c) motion, I consider the pleadings, which include the complaint, answer, and documents attached to the pleadings; documents incorporated by reference to the pleadings; and matters properly subject to judicial notice. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017).

## II.    Facts

Amorah incurred a debt for a Barclays Bank Delaware credit card. [1] ¶ 10.[1] In September 2017, Midland Funding, LLC and Midland Credit Management Inc. filed a small-claims lawsuit against her, claiming to be the owner of the debt. [1] ¶¶ 11–12. Amorah disputed that Midland owned the debt and sought arbitration. [1] ¶¶ 13–15. Midland filed a disclosure statement before the arbitration, but did not include any purchase agreement for the debt. [1] ¶¶ 16–18. Amorah demanded that Midland produce a purchase agreement showing ownership, and Midland dismissed the lawsuit before the arbitration. [1] ¶¶ 16–19.

Midland continued to report the debt to the major credit bureaus. [1] ¶ 20. In September 2019, Amorah's attorney sent letters to Experian, Equifax, and Trans Union stating that they were reporting inaccurate information on her credit report. [1] ¶ 21. Amorah also sent the agencies documents showing that Midland had

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. Facts are taken from the complaint.

dismissed its lawsuit. [1] ¶ 21. The credit agencies did not respond, and continued to report the debt on her credit report. [1] ¶ 23.

Amorah brought one claim each against Experian, Equifax, and Trans Union under 15 U.S.C. §§ 1681e(b) and 1681i(a) of the Fair Credit Reporting Act, which requires credit agencies to follow reasonable measures to assure that consumer reports are accurate, and reinvestigate when a consumer notifies the agency of an inaccuracy. Experian settled, [30], and Trans Union moved for judgment on the pleadings. Equifax joined Trans Union's motion. [45], [46].

### III.  Analysis

Consumer reporting agencies collect consumer information from banks, credit lenders, and collection agencies (known as furnishers), compile the information into consumer reports, and provide the reports to authorized users. *Denan v. Trans Union LLC*, 959 F.3d 290, 293, 295 (7th Cir. 2020). Section 1681e(b) of the FCRA requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy" when they prepare a consumer report. 15 U.S.C. § 1681e(b). Under § 1681i, when a consumer disputes the accuracy of information in a credit report, the consumer reporting agency must conduct a "reasonable reinvestigation" to determine whether the report contained inaccurate information. *Id.* § 1681i(a)(1)(A).

To state a claim under these sections, a plaintiff must show that an agency included "inaccurate" information in a report. *Denan*, 959 F.3d at 293. The statute does not define inaccurate or draw a line between factual and legal inaccuracy. *Id.* But consumer reporting agencies are not courts, and the ability to resolve legal issues

around disputed debts "exceeds the competencies of consumer reporting agencies." *Id.* at 295. Only a court "can fully and finally resolve the legal question of a loan's validity." *Id.* Put differently, a plaintiff states an FCRA claim only if she plausibly alleges that a consumer report contained a factual inaccuracy, because consumer reporting agencies "are neither qualified nor obligated to resolve legal issues." *Id.* at 296. A consumer's defense to a debt is a question for courts, not consumer reporting agencies. *Id.*

The *Denan* Court did not consider whether a dispute over ownership of a debt was factual or legal. But several district courts applying *Denan* have concluded that investigating the ownership of a debt "is best left to the courts." *Hoyos v. Experian Info. Sols., Inc.*, 20-cv-408, 2020 WL 4748142, at *3 (N.D. Ill. Aug. 17, 2020); *see also Soyinka v. Equifax Info. Servs., LLC,* 20-cv-1773, 2020 WL 5530133, at *3 (N.D. Ill. Sept. 15, 2020); *Juarez v. Experian Info. Sols., Inc.*, 19-cv-7705, 2020 WL 5201798, at *4–5 (N.D. Ill. Aug. 31, 2020); *Molina v. Experian Info. Sols., Inc.*, 19-cv-7538, 2020 WL 4748149, at *3 (N.D. Ill. Aug. 17, 2020); *Rodas v. Experian Info. Sols., Inc.*, 19-cv-7706, 2020 WL 4226669, at *2 (N.D. Ill. July 23, 2020); *Chuluunbat v. Cavalry Portfolio Servs., LLC*, 20-cv-164, 2020 WL 4208106, at *3 (N.D. Ill. July 22, 2010).[2]

Labeling an issue as one of fact, one of law, or a mix of the two is not always simple. *See Pullman-Standard v. Swint,* 456 U.S. 273, 288 (1982) (noting the "vexing nature of the distinction" between questions of fact and law). Sometimes the

---

[2] Five of these cases (all but *Juarez*) are currently being briefed on appeal. *See* 7th Cir. Dkt. Nos. 20-3000; 20-2776; 20-2392; 20-2775; and 20-2373.

distinction turns on a determination that "as a matter of the sound administration of justice, one judicial actor is better positioned than another to decide the issue in question." *Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668, 1680 (2019) (quoting *Markman v. Westview Instruments, Inc.* 517 U.S. 370, 388 (1996)). And a question that has "both factual and legal elements" is typically a mixed question. *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1069 (2020).³

Here, Amorah insists that Midland did not own the debt. And because ownership is a question of fact, she says, her credit report contained a factual inaccuracy. But labeling debt ownership in the abstract as an issue of fact, a mixed question, or a question of law is beside the point. The operative inquiry under the FCRA is whether ownership of the debt was plausibly within the scope of a consumer reporting agency's ability to check for accuracy, or whether it implicated a legal issue better left to the courts.

Determining if Midland owned the debt was beyond the scope of what a credit agency might reasonably be expected to investigate. That Midland withdrew its small-claims lawsuit doesn't mean that Midland didn't own the debt, and Amorah does not plead that a court adjudicated the matter. She argues that Midland offered

---

³ One district court labeled debt ownership a legal inaccuracy, *Rodas*, 2020 WL 4226669, at *3, and one classified it as, "[a]t best," a mixed question. *Chuluunbat*, 2020 WL 4208106, at *3. The *Juarez* court posited that property ownership is generally a mixed question, *see* 2020 WL 5201798, at *4 (collecting cases), but ultimately rejected any label because determining factual inaccuracy for an FCRA claim "does not involve simply looking to whether courts characterize the dispute as a question of fact or a question of law in the context of litigation." *Id.* Likewise, other courts focused solely on whether determining ownership of a debt was within the capacity of a consumer reporting agency, putting aside whether ownership would be a question of law, fact, or a mixed question in another context. *See Soyinka*, 2020 WL 5530133, at *3; *Hoyos*, 2020 WL 4748142, at *3; *Molina*, 2020 WL 4748149, at *3.

5

insufficient evidence to show ownership. But a credit agency is not qualified to assess whether a furnisher provided sufficient evidence of ownership. Amorah's arguments about Midland's ownership belong in a lawsuit against Midland, not in an FCRA complaint against the defendants. The better-positioned actor, *see Albrecht*, 139 S. Ct. at 1680, to resolve the disputed ownership issue is a court, not a credit agency.

Defendants' reading of the statute does not limit the FCRA's scope or relieve credit agencies of their obligation to reinvestigate. A credit agency must always reinvestigate when a consumer reports a "straightforward, fact-based" inaccuracy, such as whether a judgment was issued against the consumer. *Denan*, 959 F.3d at 297. Nor is Amorah precluded from bringing an FCRA claim. She simply must conclusively resolve the ownership issue. If Midland's ownership is definitively refuted, but the defendants continue to report the outstanding debt, then Amorah will have grounds for an FCRA claim. *See id.* at 296 (the "correct way to resolve legal defenses" is to sue the lenders).

The cases Amorah relies on do not save her claim. *In re Meyer*, 151 F.3d 1033 (Table), 1998 WL 538160, at *4 (7th Cir. Aug. 21, 1998) involved ownership of a corporation, not a debt. And it's an unpublished case issued before January 1, 2007, so a district court can't cite it. U.S. Ct. of App. 7th Cir. R. 32.1(d). It is not persuasive here. Likewise, the court in *Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714, 721 (7th Cir. 2003) considered a breach-of-contract claim under state law, not an FCRA claim. Assignment of a right may have been a fact question there, but that conclusion doesn't map onto Amorah's case. An issue might present a fact question in another

context, but still exceed the competency of a credit reporting agency for purposes of the FCRA's accuracy requirement.

Unless amendment is futile, leave to amend should be freely given after dismissal of an initial complaint. *Pension Tr. Fund for Operating Eng'rs v. Kohl's Corp.*, 895 F.3d 933, 941 (7th Cir. 2018). But Amorah doesn't ask for leave to amend, and there is no set of facts she could allege that would save her claim. Her complaint is dismissed with prejudice.

## IV. Conclusion

Defendants' motion for judgment on the pleadings [37] is granted. All claims are dismissed with prejudice. Enter judgment and terminate civil case.

ENTER:

 ///signature///
 Manish S. Shah
 United States District Judge

Date: November 9, 2020